IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BETTY HUGHES**                                                                                    **PLAINTIFF**

v.                                                                        CAUSE NO. 3:13CV417-LG-JMR

**THE KROGER CO. and JOHN DOES 1-5**                          **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND**</u>

BEFORE THE COURT is the Motion [6] to Remand, filed by the plaintiff, Betty Hughes.  Hughes alleges she slipped and fell in a Kroger grocery store in Byram, Mississippi.  She filed this lawsuit in County Court of Hinds County, Mississippi.  Relying primarily upon the plaintiff's failure to admit that the amount in controversy exceeds $75,000, the defendant Kroger Company removed the matter to this Court on the basis of diversity of citizenship.  Hughes seeks remand to the County Court of Hinds County, arguing that the parties are not diverse, and the amount in controversy is not more than $75,000.  The issues have been fully briefed.  After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that defendant has failed to show that the amount in controversy exceeds $75,000.  Accordingly, the Motion to Remand will be granted.

DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states.  The burden is on the party who removed the case to federal court to demonstrate that federal jurisdiction exists.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Hughes brings claims of premises liability against Kroger Company ("Kroger") as the owner and operator of the grocery store in which she slipped and fell. She filed her lawsuit on March 25, 2013. Slightly more than three months later, Kroger removed the case to this Court. Kroger alleges the case became removable on June 6, when Kroger received Hughes' responses to its requests for admission in which she would not admit she was not seeking damages in excess of $75,000. In addition to generally objecting that the amount in controversy requirement has not been met, Hughes contends that Kroger's removal was untimely. She also contends that the parties are not diverse.

**1. Timeliness and Citizenship Requirements**

Hughes contends that the parties are not diverse because Kroger's principal place of business is Byram, Mississippi, where the grocery store in question is located. This argument cannot be credited, because it directly contradicts the allegations of her state court complaint. The Court is required to determine removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Hughes' Complaint alleges she is a resident citizen of Mississippi, and Kroger is an Ohio corporation with its principal place of business in Ohio. (Compl. 1, ECF No. 1-1). If there was any question on the matter, Kroger has filed an unchallenged affidavit affirming these jurisdictional facts. (Def. Suppl. Mem. Ex. B, ECF No. 24-2). Hughes' allegations establish that the parties are completely diverse.

Hughes next contends that Kroger's removal was untimely, because Kroger has taken the position that the allegations of the complaint, in concert with Hughes' refusal to admit she was not seeking damages in excess of $75,000 showed that Hughes was seeking more than $75,000. Hughes' contention is without merit, because Kroger clearly relies on Hughes' responses to its requests for admission to establish federal jurisdiction. Kroger's removal within thirty days of receipt of this "other paper" was timely. 28 U.S.C. 1446(b)(3); 1446(c)(3)(A).

### 2. Amount in Controversy Requirement

Regarding her damages, Hughes' Complaint alleges "serious" injuries from her fall, "including but not limited to physical injuries; past, present, and future pain and suffering; past, present, and future medical expenses; lost wages; and other damages that will be proved at the trial of this matter." Her demand is for "consequential and incidental damages in an amount of $75,000 inclusive of all expenses, interest and costs and such other relief as the Court and the jury deem just." (*Id.*).

The basic rules for determining the amount in controversy are well established. As a general rule, in cases where an exact amount has been pled, "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)). *See also Nat. Union Fire Ins. Co. of Pittsburgh v. Russell,* 972 F.2d 628, 630 (5th Cir. 1992) (amount in controversy is determined from the complaint itself, unless it appears that the

amount stated in the complaint is not claimed in good faith).  However, "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 n.14 (5th Cir.1995).

Hughes pled an exact amount in her Complaint - $75,000 - inclusive of all damages and fees.  Her demand does not exceed $75,000, and this sum controls unless Kroger can prove by a preponderance of the evidence that the amount in controversy is actually more than $75,000.  The only evidence Kroger submitted to show that the actual amount in controversy exceeds $75,000 is Hughes' responses to its requests for admission, in which she refuses to admit she is seeking more than $75,000.  Finding this refusal troubling, the Court granted the parties additional time within which to conduct remand-related discovery and supplement the record. (*See* Order Taking Motion to Remand Under Advisement, Oct. 23, 2013, ECF No. 16).

Hughes now advises the Court that to date, her medical bills for treatment as a result of the Kroger incident do not exceed $5,000.  She says nothing further about the damages she seeks, which in addition to past and present pain and suffering and medical expenses, also include future pain and suffering, future medical expenses, lost wages, and "other damages" to be proven.  (Compl. 4 (¶15), ECF No. 1-1).  Kroger argues that Hughes' continued reluctance to definitively limit her damages to below the jurisdictional amount should lead the Court to find it has

jurisdiction of this case despite Hughes' demand for precisely $75,000.

Medical bills of $5,000 are not likely to lead to an award of damages greater than $75,000, even with pain and suffering and lost wages included. Thus, the Court is left with only Hughes' refusal to admit that she was not seeking damages in excess of $75,000 to support federal jurisdiction. In the opinion of the Court, a failure by the plaintiff to admit in a response to a Rule 36 request for admission that she does not seek more than $75,000, standing alone, is not sufficient to establish the requisite jurisdictional amount. The Court finds persuasive the reasoning in *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218 (N.D. Ala. 2012). Essentially, the court held that when a denial of a request for admission is the only basis for establishing the jurisdictional amount, the defendant "cannot 'prove the positive by eliciting denial of the negative.'" *Id.* at 1228 (quoting *Harmon v. Wal-Mart Stores, Inc.*, No. 3:08cv309-MEF, 2009 WL 707403, at *3 (M.D. Ala. Mar. 16, 2009)). "Stated differently, . . . '[t]he denial of the negative request does not equal an affirmance.'" *Id.* (quoting *Spears v. Wal-Mart*, No. 2:09cv894-RDP, Doc. 8, at 5 (N.D. Ala June 9, 2009)). This is so because "the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute." *Id.* (quoting *Harmon*, 2009 WL 707403, at *4). "Refusal to concede is not a statement of fact and cannot support jurisdiction." *Id.* Absent additional facts tending to show the amount in controversy is actually more than $75,000, a denial of a request for admission is insufficient to meet the removing parties burden of proving by a preponderance of the evidence that the

amount in controversy exceeds the jurisdictional amount.

Of course, if Kroger should later obtain additional documents or evidence establishing that the amount in controversy in fact exceeds $75,000, Kroger is permitted a second removal. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *One Sylvan Rd. N. Assoc. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995) (The fact that a case was initially removed and remanded does not in of itself preclude removal a second time around. A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.) At this time however, with the record before it, the Court finds that this case should be remanded for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Motion [6] to Remand filed by plaintiff Betty Hughes is **GRANTED**. The above styled and numbered cause should be, and is hereby **REMANDED TO THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE